UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILFRED GUY, SR.                                        CIVIL ACTION

VERSUS                                                 NO:  13-2792 c/w
                                                            13-5033

JAMES M. LEBLANC, SECRETARY DOC,                       SECTION "E"(4)
ROBERT C. TANNER, WARDEN BB
SIXTY RCC, KEITH BICKHAM, DEPUTY
WARDEN BB 60 RCC, BEVERLY T.
KELLY, EXEC. STAFF OFF. BB 60 RCC,
COLEMAN POLK, SGT. BB SIXTY RCC,
RONNIE SPEARS, SGT. BB SIXTY RCC

## ORDER AND REASONS

Before the court is a **Motion for Preliminary Injunction and Temporary Restraining
Order (Lead Rec. Doc. No. 37)** filed by the *pro se* plaintiff Wilfred Guy, Sr. ("Guy"), an inmate
incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.  Guy
seeks an order to compel the prison officials at RCC to transfer him to another prison where he can
obtain needed medical care being denied to him at RCC.  There is no indication in the record that
Guy served a copy of the motion on the defendants nor have the defendants replied to the motions.

I.      **Factual and Procedural Background**

        A.      **The Consolidated Complaints**

        Guy filed these consolidated *pro se* and *in forma pauperis* complaints pursuant to 42 U.S.C.

§ 1983 against Louisiana Department of Corrections ("DOC") Secretary James M. LeBlanc and

certain RCC officials, Warden Robert Tanner, Deputy Warden Keith Bickham, Executive Staff

Officer Beverly T. Kelly, Sergeant Coleman Polk and Sergeant Ronnie Spears seeking to recover

injunctive relief and monetary damages for his claims of harassment and retaliation.

Under a broad reading, Guy alleges that the defendants, Secretary LeBlanc, Warden Tanner, Deputy Warden Bickham, and Officer Kelly, each violated his First and Fourteenth Amendment rights by rejecting the grievance complaints he filed under the prison's Administrative Grievance Procedure.  Guy contends that he has a First and Fourteenth Amendment right to exercise his liberty interest by "utilizing the grievance system [to] express[] his freedom of speech."[1]  As relief, Guy requests a transfer to another DOC facility because of the constant harassment and threats on his life by the RCC staff and because of the enemies he has in that facility.  He also seeks an award of compensatory, punitive and nominal damages for his suffering and mental harassment.  He also seeks reinstatement of thirty days of good time credits he lost after a disciplinary proceeding.

### B.    The *Spears* Hearing

On June 27, 2013, the Court conducted a hearing pursuant to *Spears v. McCotter*,[2] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[3]  During the *Spears* Hearing, the undersigned requested that the defendants provide copies of any grievances and/or disciplinary records to assist the court with understanding the nature of Guy's claims.  The Court requested that Guy explain or clarify the basis for his suit against each of the defendants.  At one point, either unwilling or unable to explain the basis of his claims against Secretary LeBlanc, Guy advised the Court that he wanted to dismiss that defendant.

---

[1]Lead Rec. Doc. No. 1, p. 6.

[2]766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis the claims.  The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[3]Lead Rec. Doc. No. 13.  The plaintiff was sworn prior to testifying.  The hearing was digitally recorded.

2

Shortly after the hearing, July 1, 2013, Guy wrote a letter to the Court in which he noted his displeasure with the Court's inquiries into the factual basis of his claims against the defendants, specifically Secretary LeBlanc.[4]   Guy also indicated his intent to withdraw his claims.

Guy later submitted a similar letter addressed to the District Judge in which he complained that he was not allowed to read his prepared statement and instead was instructed to answer the Court's questions.[5]   Guy acknowledged that the Court directed defense counsel to provide certain prison records so that his claim could be better evaluated.

On July 11, 2013, Guy filed a formal motion to withdraw his original suit and dismiss the claims raised without prejudice.[6]   As a result of Guy's request, on July 25, 2013, the undersigned issued a Report and Recommendation recommending the dismissal of the original action.[7]   However, shortly after the Report was issued, Guy objected to the dismissal.[8]   Based on his apparent change of heart, the Court revoked the Report and Recommendation so that Guy could proceed with the claims raised in the original complaint.[9]

In the meantime, on July 12, 2013, Guy filed an almost identical lawsuit against the same defendants but without naming Secretary LeBlanc as a defendant.[10]   In all other respects, the

---

[4]Lead Rec. Doc. No. 14.

[5]Lead Rec. Doc. No. 15.

[6]Lead Rec. Doc. No. 16.

[7]Lead Rec. Doc. No. 18.

[8]*See* Lead Rec. Doc. Nos. 19, 20, 22.

[9]Lead Rec. Doc. No. 23.

[10]*See* Civ. Action No. 13-5033, Rec. Doc. No. 1.

lawsuits are identical.  As a result, the newly filed action under Civ. Action No. 13-5033"E"(4) was consolidated with the originally filed lawsuit under Civ. Action No. 13-2792 "E"(4).[11]

Thereafter, on January 15, 2014, the undersigned issued a Partial Report and Recommendation recommending that Guy's claims against Warden Tanner, Sergeant Polk, Sergeant Spears, Deputy Warden Bickham, and Secretary LeBlanc be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. §1997e.[12]  The Court also recommended that Guy's §1983 claims against Officer Kelly proceed forward for further consideration.  Guy has filed objections to the Report which are pending before the District Judge.[13]

## II.   Analysis

Guy seeks preliminary injunctive relief and a restraining order against the defendants to compel them to transfer him to another DOC prison facility, the Louisiana State Penitentiary or Elayn Hunt Correctional Center, where he believes he will be provided with specialized medical care he has been denied by the officials at RCC.  He concedes that the doctor at RCC recognized his need for the unspecified care but the other officials have denied his requests that the care be provided. Under a broad reading, Guy claims that if relief is not granted, he will continue to be denied necessary medical care.

The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of

---

[11]Civ. Action No. 13-5033, Rec. Doc. No. 15; Lead Rec. Doc. No. 26.

[12]Lead Rec. Doc. No. 29.

[13]Lead Rec. Doc. Nos. 30, 34.

persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).  An injunction is to be the exception, not the rule.  *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).  Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).  "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates.  *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

With these provisos in mind, the Court may issue a preliminary injunction or a temporary restraining order ("TRO") in accordance with Fed. R. Civ. P. 65, which reads in relevant part as follows:

> (a)     Preliminary Injunction.
> (1)     Notice.  The court may issue a preliminary injunction only on notice to the adverse party.
> (2)     Consolidating the Hearing with the Trial on the Merits.  Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
>
> (b)     Temporary Restraining Order.
> (1)     Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A)     specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B)     the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

As noted previously, the record does not reflect that Guy provided notice of his intent to seek the preliminary injunction or the TRO to the defendants or their counsel. Without proper notice to the defendants, he is not entitled to the preliminary injunction, and the Court can find no reason to call a hearing. In this circuit, when an injunction is requested without a hearing and without notice to all parties, it is considered to be a TRO not a preliminary injunction. *Accord Turner v. Epps*, 460 F. App'x 322, 326 (5th Cir. 2012) (recognizing that an injunction order is not construed based on the label it was given but whether it was issued after notice and hearing).

Nevertheless, the standards to obtain both a preliminary injunction and a TRO are substantively the same. A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 09-1201, 2009 WL 2044596, *1 (N.D. Tex. 2009). A party requesting a TRO must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). Because such relief is an extraordinary remedy, to justify entry of a TRO or preliminary injunction, the petitioner must "clearly carr[y] the burden of persuasion on all four elements." *PCI Transp., Inc. v. Fort Worth & W. R.R. Co* ., 418 F.3d 535, 545 (5th Cir. 2005); *Bluefield Water Ass'n v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

In the instant case, Guy fails to meet this heavy burden or show a basis for relief at this time. Under the first prong, Guy must show a substantial likelihood that he can prove that prison officials acted with deliberate indifference to his medical needs so as to cause "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). This requires proof that the prison

officials were subjectively aware of a substantial risk of serious harm and were deliberately indifferent to that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648-49 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). In this case, Guy must prove that defendants were aware of a substantial risk of serious harm subjectively intended that harm occur. *See Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir.2001) (citing *Hare*, 74 F.3d at 649-50).

Thus, in the context of medical care to prisoners, courts have found that a prisoner's disagreement with the medical care offered does not suffice to establish a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977)). It also is not enough that the plaintiff allege that a diagnosis was incorrect. *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, the prisoner must establish that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Guy has not done so here.

In this case, Guy has raised various claims of denial of his right to free speech and retaliation by the named defendants arising from his use of the grievance system to report alleged use of insulting language and harassment. His claims do not specifically relate to his medical care nor has he provided any indication that he has been unconstitutionally denied care for a specific illness. He indicates that the procedure he seeks was approved by the RCC doctor, Dr. McVea, and other medical personnel at the prison. Guy eludes to the possibility that other prison medical officials are declining to follow the procedure and / or are in disagreement with the treatment directed by the other doctors.

Under a broad reading, Guy seems to indicated that there is a difference of opinion over the appropriate course of treatment for him perhaps coupled with other prison security concerns. Nevertheless, nothing he urges in the motion establishes that any prison official has subjectively intended him any harm.  For this reason, Guy has not clearly shown that he could ultimately prevail on a claim of medical indifference, a claim that is not clearly raised in his petitions.

Furthermore, under the second prong, Guy has not provided specific facts, other than his conclusory conjecture, to show that an immediate and irreparable injury, loss, or damage will result to him.  A restraining order should only be issued when "a substantial threat of harm to the movant . . . cannot be compensated by money." *Harvey Barnett, Inc. v. Shidler*, 143 F. Supp.2d 1247, 1255 (D. Col. 2001).  As Guy indicates, he has received and continues to receive medical care from the prison doctors, just not the treatment he desires. He has not alleged or shown that he faces a permanent or imminent danger or any other injury, including more than *de minimis* pain and discomfort, that otherwise cannot be compensated monetarily.  Instead, it appears that he is merely trying to access different medical care at a different facility so that he can escape the alleged disciplinary matters he endures at RCC, which is not alone a proper basis for issuing an injunction at this time.  *See Guthrie v. Niak*, No. 12-CV-1761, 2013 WL 5487936, at *6 (Sep. 27, 2013) (injunction does not serve to expedite resolve of the complaint).

Considering the third prong, therefore, Guy has not shown that any threatened injury outweighs the burden a TRO would place on the defendants.  This is true especially in light of the Court's "reluctan[ce] to interfere" with matters of prison administration.  *Accord Young*, 449 F.2d at 339.  This reluctance also culminates in the long-tradition found in the fourth factor, avoiding a

disservice to the common interest, which in this case is in the prison officials discretion to manage their facilities and services within constitutional bounds.

With respect to the latter two factors, the Court also recognizes that Guy has no protected liberty interest in the location of his confinement even if the environment of one prison may be "much more disagreeable" to the prisoner than in another. *See Meachum v. Fanno*, 427 U.S. 215, 225 (1976). Further, he has no liberty interest in being housed in any particular facility because the state statute vests discretion to the state officials to carry out their official function. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *see also Yates v. Stalder*, 217 F.3d 332 (5th Cir. 2000).

Based on the current record, Guy's disagreement with the medical decisions being made at RCC is not sufficient to establish a basis for success on the constitutional violations alleged. Thus, the most crucial requirement needed to succeed on a temporary restraining order or preliminary injunction has not been established. He has made no clear showing of his entitlement to either.

Considering the record and pleadings, Guy has failed to establish the need for the issuance of a temporary restraining order or preliminary injunction. Accordingly,

**IT IS ORDERED** that Guy's **Motion for Preliminary Injunction and Temporary Restraining Order (Lead Rec. Doc. No. 37)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of June, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**