UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GUY, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2792** |
| **JAMES M. LEBLANC, SECRETARY DOC, ROBERT C. TANNER, WARDEN BB SIXTY RCC, KEITH BICKHAM, DEPUTY WARDEN BB 60 RCC, BEVERLY T. KELLY, EXEC. STAFF OFF. BB 60 RCC, COLEMAN POLK, SGT. BB SIXTY RCC, RONNIE SPEARS, SGT. BB SIXTY RCC** | **SECTION "E"(4)** |

## ORDER AND REASONS

The plaintiff, Wilfred Guy, Sr., filed a "Motion for Recusation" (Rec. Doc. No. 39) to have the Court recuse the undersigned Magistrate Judge from these proceedings. The motion was referred to the undersigned Magistrate Judge for consideration under 28 U.S.C. § 455 on September 29, 2014 (Rec. Doc. No. 51).

As grounds therefore, Guy indicates in his motion and supplemental briefs that he was offended by the fact that the undersigned judicial officer questioned him and the basis for his claims during the hearing held on June 27, 2013 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).[1] He believes that this scrutiny of his case demonstrated a prejudice against him and his claims as further shown by the findings and recommendations made within the Partial Report and Recommendation issued on January 15, 2014, to which Guy has filed objections.

---

[1] Rec. Doc. Nos. 39, 50 and 52 (as relevant). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

Pursuant to the order of the District Judge, the defendants have filed a brief in opposition to Guy's motion arguing that Guy failed to point to any instance of prejudice or otherwise provide a basis for recusal of the undersigned Magistrate Judge.[2]

Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." Under the additional provisions of Section 455(b)(1), a magistrate judge shall also disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party."[3] The Court does not find any basis for its recusal.

As an initial matter, Guy's discontent with the handling of the proceedings by the Court and its rulings are not legitimate grounds to invoke the recusal statute. It is well settled that "the alleged bias must be 'personal', as distinguished from judicial, in nature." *Manley v. Invesco*, 555 F. App'x 344, 349 (5th Cir. 2014) (quoting *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1020 (5th Cir. 1981)). A motion for recusal or disqualification is not to be predicated on the judge's rulings nor a judge's "judicial leaning or attitude derived from [her] experience on the bench." *Phillips*, 637 F.2d at 1014.

The undersigned holds no personal bias against Guy. The actions taken by the Court in this case would not give rise to reasonable question of the Court's impartiality. The very purpose of the *Spears* Hearing, and the issuance of the subsequent Partial Report and Recommendation, is to assess the legal and factual basis of the plaintiff's claims and to determine whether the claims are frivolous and/or fail to state a claim under the parameters set forth in 28 U.S.C. § 1915, § 1915A and 42

---

[2] Rec. Doc. Nos. 43, 44.

[3] The Court has considered the other factors addressed in Section 455(a) and (b) and finds no other to have been raised by Guy nor is any other provision called into question by the knowledge, actions or financial holdings of the Court.

U.S.C. § 1915e.  The Court uses questions during a *Spears* Hearing to guide the hearing and allow the plaintiff to develop his allegations factually so the Court can determine whether he has alleged an arguable constitutional claim.  *See Spears*, 766 F.2d at 181-82.  This assessment is the duty and obligation of the Court pursuant to 28 U.S.C. § 636 and the local rules of this Court.  *See Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

For the foregoing reasons, the Court finds no grounds for its recusal from these proceedings.  There is no suggestion from the record that would cause a reasonable person to question the Court's impartiality or to believe that any such personal bias or prejudice exists.  Accordingly,

**IT IS ORDERED** that Guy's "Motion for Recusation" (Rec. Doc. No. 39) be and hereby is **DENIED**.

New Orleans, Louisiana, this 9th day of October, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**