UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GUY, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2792**<br>**c/w 13-5033** |
| **JAMES M. LEBLANC, SECRETARY DOC,**<br>**ET AL.** | **SECTION "E"(4)** |

## ORDER AND REASONS

The plaintiff, Wilfred Guy, Sr., has filed a second Motion for Appointment of Counsel (Rec. Doc. No. 46) which is repetitive of the motion previously denied by the Court.[1]  Guy argues, as he did in the prior motion, that he seeks appointment of counsel because his imprisonment will greatly effect his ability to litigate the issues involved in this case.  He also claims that the issues are complex and require research and investigation that he is unable to do in prison.  He also argues that the case will involve conflicting testimony and the assistance of counsel would better enable him to present evidence and cross-examine witnesses.  He also now claims to be hearing impaired and suffering from a hernia in need of surgical repair.

As Guy has already been advised, a federal district court can only appoint counsel in a civil rights case if the case presents exceptional circumstances.  *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).  The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  *Parker v. Carpenter*, 978 F.2d 190, 193

---

[1] *See* Rec. Doc. Nos. 31, 32, 33, 36.

(5th Cir. 1992).  As discussed in the prior ruling, Guy's case is not an exceptional one under these factors and presents no circumstances that would require appointment of counsel.

The Court does not find that the issues are complex or that he is unable to adequately present his arguments without assistance of counsel.  He has not alleged that his current medical condition will prevent him from prosecuting his case without counsel.  To date, any impairment to his hearing or pain suffered has not prevented him from vigorously pursuing his case.

Furthermore, the case itself is not so complicated that he will be unable to prepare and proceed without counsel.  *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).  Although Guy is not trained in the law, he has demonstrated the ability to more than adequately express his factual and legal claims and to understand the issues involved in his case.  He has the savvy and understanding to file motions and objections and supplemental objections to the previously issued Partial Report and Recommendation still pending before the Court.  There is nothing in the record to indicate appointment of counsel is necessary.  Accordingly,

**IT IS ORDERED** that Guy's **Motion for Appointment of Counsel (Rec. Doc. No. 46)** is **DENIED**.

New Orleans, Louisiana, this   22nd   day of October, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

2