UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GUY, SR.,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2792** |
| **JAMES M. LEBLANC, ET AL,**  Defendants | **SECTION "E"** |

*Applies to: Both Cases*

### ORDER

Before the Court are (1) Plaintiff's notice of appeal of the Magistrate Judge's order and reasons denying Plaintiff's motion for preliminary injunction and/or a temporary restraining order ("TRO")[1] and (2) Plaintiff's "motion for leave to file an amendment complaint and motion to object to order and reasons in opposition to Plaintiff's motion for recusation to recuse the Magistrate Judge Karen Wells Roby,"[2] which the Court construes as an appeal to this Court of the order and reasons entered by Magistrate Judge Roby denying Plaintiff's motion to recuse.[3] For the following reasons, both orders and reasons are affirmed.

### BACKGROUND

Plaintiff, Wilfred Guy, Sr. ("Guy"), is an inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.[4] On May 8, 2013, Guy filed a consolidated *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983

---

[1] R. Doc. 40 (notice of appeal); R. Doc. 38 (Magistrate Judge's order and reasons denying motion for preliminary injunction and/or a temporary restraining order).
[2] R. Doc. 55 (Plaintiff's motion for leave to file and amendment complaint and motion to object to order and reasons in opposition to Plaintiff's motion for recusation to recuse the Magistrate Judge Karen Wells Roby); R. Doc. 53 (order denying motion for recusal); R. Doc. 52 (second supplemental memorandum to motion for recusation); R. Doc. 50 (supplement to motion for recusation) R. Doc. 39 (motion for recusation).
[3] R. Doc. 56.
[4] R. Doc. 1.

1

against Beverly T. Kelly, Executive Staff Officer of the BB Sixty Rayburn Correctional; Robert C. Tanner, Warden of BB Sixty Rayburn Correctional Center; Coleman Polk, Sergeant of the BB Sixty Rayburn Correctional Center; Sergeant Ronnie Spears; Keith Bickham, Deputy Warden; and James LeBlanc, Secretary of the Department of Corrections.

Under a broad reading of the complaint, Guy alleges the defendants, Officer Kelly, Secretary LeBlanc, Warden Tanner, Deputy Warden Bickham, Sergeant Polk and Sergeant Spears, violated his First Amendment and Fourteenth Amendment rights by rejecting the grievance complaints he filed under the RCC's Administrative Grievance Procedure. As to Officer Kelly, Guy also alleges she violated his First and Fourteenth Amendment rights because he has a right to exercise his liberty interest by "utilizing the grievance system [to] express[] his freedom of speech." As relief, Guy requests a transfer to another facility because of the constant harassment and threats on his life by the RCC staff and because of the enemies he claims he has in that facility. He also seeks an award of nominal, compensatory, and punitive damages for his suffering and mental harassment as well as reinstatement of thirty days of good time credits he lost after a disciplinary proceeding.

On April 10, 2014, Guy filed a motion for preliminary injunction and/or a TRO seeking to enjoin the defendants from violating his constitutional rights and to obtain a transfer from RCC to another facility for his safety and to receive specialized medical treatment.[5] On July 17, 2014, Guy filed a motion requesting Magistrate Judge Roby recuse herself because of her prejudice against him and his claims.[6] The Magistrate

---

[5] R. Doc. 37.
[6] R. Doc. 39.

Judge issued orders denying both motions, and Guy now appeals.

## ANALYSIS

*Appeal of the Magistrate Judge's order and reasons denying Plaintiff's motion for preliminary injunction and/or a temporary restraining order*

The Magistrate Judge issued an order and reasons on June 23, 2014 denying Plaintiff's motion for a preliminary injunction and/or a TRO.[7] Plaintiff then filed a motion to appeal the Magistrate Judge's order denying his motion for preliminary injunction and/or a TRO on July 17, 2014.[8] The notice of appeal was docketed in the United States Court of Appeals for the Fifth Circuit. Thereafter, the Clerk's Office for the United States District Court for the Eastern District of Louisiana realized the Plaintiff's notice of appeal should have been docketed in the district court as an appeal of the Magistrate Judge's decision to be reviewed by the district court. The appeal was scheduled for submission before the undersigned, but the undersigned issued an order stating she would not address Plaintiff's notice of appeal until the Fifth Circuit issued its mandate.[9] On November 18, 2014, the Fifth Circuit granted appellee's motion to dismiss the appeal for lack of jurisdiction, leaving either party free to seek to appeal to the Fifth Circuit once the district court enters a final judgment in this matter, and issued the judgment as the mandate.[10] Thus, the appeal is now properly before the undersigned.[11]

Although the Magistrate Judge's denial of Guy's motion for preliminary injunction and/or a TRO was drafted as an order and reasons, it should have been drafted as a report and recommendation because the motion at issue was for injunctive relief, not one of the matters that may be designated for a magistrate judge to hear and

---

[7] R. Doc. 38; R. Doc. 37.
[8] R. Doc. 40.
[9] R. Doc. 49.
[10] R. Doc. 59.
[11] R. Doc. 40.

determine. Thus, this Court must make a *de novo* determination[12] as to the portions of the Magistrate Judge's order and reasons objected to in Guy's notice of appeal.[13]

Guy's motion for preliminary injunction and/or a TRO seeks to "enjoin the defendants, their successors in office, agents, and employees, and all other persons acting in concert or participation with them, from violating [Guy's] First Amendment Civil Rights protection of Freedom of Speech, [Guy's] Fifth Amendment Civil Rights without due process of law, and also [his] Fourteenth Amendment Civil Rights . . . of the equal protection of the law."[14] Additionally, he seeks a transfer from RCC to another facility for his safety and to receive specialized medical care treatment.[15]

The Magistrate Judge issued an order and reasons denying Guy's motion in which she noted that an injunction "is an extraordinary and drastic remedy" and "in the prison setting, requests for a preliminary injunction are viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."[16] Ultimately, the Magistrate Judge concluded Guy has no protected liberty interest in the location of his confinement, and his disagreement with his medical decisions is insufficient to establish a basis for his success on the merits of a medical indifference claim.[17]

A party requesting a preliminary injunction or a temporary restraining order carries the burden of persuasion on four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the

---

[12] 28 U.S.C. § 636.
[13] R. Doc. 40; R. Doc. 49; R. Doc. 59.
[14] R. Doc. 37.
[15] *Id.*
[16] R. Doc. 38 at pp. 4–5 (internal quotation marks and citations omitted).
[17] *Id.* at p. 9.

4

injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest."[18] Upon analyzing the four elements, the Magistrate Judge found Guy failed to meet the heavy burdens required to warrant the issuance of either a preliminary injunction or a TRO.[19]

In analyzing the first element, the Magistrate Judge found Guy did not show a substantial likelihood that he could prevail on a claim for medical indifference because he did not demonstrate any prison official subjectively intended him any harm.[20] Additionally, she stated Guy failed to meet the second element because he did not allege "specific facts, other than his conclusory conjecture, to show that an immediate and irreparable injury, loss, or damage will result to him."[21] When analyzing the third element, the Magistrate Judge found Guy did not show "any threatened injury outweighs the burden a TRO would place on the defendants, . . . especially in light of the Court's reluctance to interfere with matters of prison administration."[22] Lastly, the Magistrate Judge stated there is a public interest "in the prison official[']s discretion to manage their facilities and services within constitutional bounds," and Guy failed to show an injunction would not do a disservice to this public interest.[23]

Having considered the complaint, the motion, the record, the applicable law, the Magistrate Judge's order and reasons construed as a report and recommendation, and the Plaintiff's objections detailed in his motion for appeal, the Court finds Plaintiff is not entitled to a preliminary injunction or a TRO because he failed to carry his burden of establishing the four elements required for the issuance of these extraordinary

---

[18] *Id.* at p. 6 (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)).
[19] *Id.* at pp. 6–9.
[20] *Id.* at p. 8.
[21] *Id.*
[22] *Id.* (internal quotation marks and citation omitted).
[23] *Id.* at pp. 8–9.

remedies. Accordingly, the Court hereby approves the ultimate recommendation in the Magistrate Judge's order and adopts the reasoning set forth in the order as its opinion in this matter. The Magistrate Judge's denial of Guy's motion for a preliminary injunction and/or a temporary restraining order is affirmed.[24]

*Plaintiff's appeal of the Magistrate Judge's order and reasons denying his motion for recusation*

Guy filed a motion for recusation of Magistrate Judge Wells Roby, which was referred to the Magistrate Judge for consideration under 28 U.S.C. § 455.[25] To support his motion, Guy asserts he was offended by the Magistrate Judge's questioning of him and the basis of his claims during the *Spears* hearing held on June 27, 2013. He contends the level of scrutiny demonstrated the Magistrate Judge's prejudice against him and his claims, as does the partial report and recommendation issued by the Magistrate Judge recommending dismissal of the majority of Guy's claims.[26] Per this Court's order, the Defendants filed an opposition to Guy's motion to recuse, arguing that Guy failed to point to any instance of prejudice or otherwise provide a basis for recusal.[27] Plaintiff filed supplemental memoranda to support his motion for recusation.[28]

On October 9, 2014, Magistrate Judge Roby denied Plaintiff's motion for recusation.[29] Her order and reasons stated she "finds no grounds for [her] recusal," as "[t]here is no suggestion from the record that would cause a reasonable person to question the Court's impartiality or to believe that any such personal bias or prejudice

---

[24] R. Doc. 40; R. Doc. 38.
[25] R. Doc. 39.
[26] R. Doc. 29.
[27] R. Doc. 44.
[28] R. Doc. 50; R. Doc. 52.
[29] R. Doc. 53.

6

exists."[30] Guy then filed a "motion for leave to file and amendment complaint and motion to object to order and reasons in opposition to Plaintiff's motion for recusation to recuse the Magistrate Judge Karen Wells Roby,"[31] which this Court construes as an appeal of the Magistrate Judge's order and reasons denying Guy's motion for recusation.[32]

Because the motion for recusation relates to a pretrial matter that is not dispositive of Guy's claims, this Court reviews the Magistrate Judge's order to determine if it is clearly erroneous or is contrary to law.[33] The Court finds the Magistrate Judge's decision to deny Guy's motion for recusation was not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's denial of Plaintiff's motion for recusation must be affirmed.

## CONCLUSION

**IT IS ORDERED** that the Magistrate Judge's order and reasons denying Plaintiff's motion for preliminary injunction and/or a temporary restraining order is **AFFIRMED**.[34]

**IT IS FURTHER ORDERED** that the Magistrate Judge's order denying Plaintiff's motion for recusation is **AFFIRMED**.[35]

---

[30] *Id.*
[31] R. Doc. 55.
[32] R. Doc. 56. On November 10, 2014, Plaintiff filed a motion requesting a three-judge district court panel in which Plaintiff contests the constitutionality of the Court's construing Plaintiff's motion as an appeal to this Court. R. Doc. 57. The Court denied this motion on November 14, 2014. R. Doc. 58.
[33] Fed. R. Civ. P. 72(a).
[34] R. Doc. 38.
[35] R. Doc. 53.

New Orleans, Louisiana, this 5th day of January, 2015.

                                         _____
                                         SUSIE MORGAN
                                         UNITED STATES DISTRICT JUDGE